## SETSER v. WELCH.
### No. 5558.

Circuit Court of Appeals, Fourth Circuit.

Feb. 1, 1947.

Herman Setser, pro se.

George R. Humrickhouse, Asst. U. S. Atty., of Richmond, Va. (Harry H. Holt,

Jr., U. S. Atty., of Hampton, Va., on the brief), for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing a petition for a writ of habeas corpus. Appellant, with one Marion J. Smith, was convicted in the District Court of the United States for the District of Columbia of the crimes of housebreaking and larceny; and the conviction was affirmed on appeal. Setser v. United States, 79 U.S. App.D.C. 400, 147 F.2d 158. He challenges the validity of the judgment and sentence under which he is held in custody on the grounds (1) that he was without counsel at the time of the preliminary hearing and of the arraignment, (2) that counsel who represented him at the trial represented also his codefendant Smith and that there was a conflict of interest between the two, and (3) that the U. S. Attorney in his address to the jury used improper and prejudicial language.

There is nothing in any of appellant's contentions. Counsel was appointed to defend him on his trial and the fact that he did not have counsel at the preliminary hearing or at the arraignment is immaterial. Canizio v. People of State of New York 327 U.S. 82, 66 S.Ct. 452. Whether there was a conflict of interest between appellant and his codefendant was a question of fact which has been found against appellant by the District Judge on evidence which fully sustains the finding and shows the contention of appellant to be utterly frivolous. As to the language used by the United States Attorney in his address to the jury, this is not a question which can be raised by habeas corpus.

This is another of the cases in which one who has been duly and regularly convicted of crime, and whose conviction has been affirmed by an appellate court, has abused the writ of habeas corpus to try before a court of coordinate jurisdiction the proceedings of the court which convicted him. The issues tried in the court below were whether the judge of another court of coordinate jurisdiction had denied to a prisoner the rights guaranteed him by the Constitution and whether an attorney who represented the prisoner without compensation under order of court had been guilty of unprofessional conduct. The proceeding serves to emphasize the need of legislation which, while containing suitable provisions to safeguard the rights of a prisoner, would require him, so far as is practicable, to confine his attack on the validity of his trial to the court in which the trial was had, with review by the proper court of appeals, and not by another District Court.

Affirmed.