No. 43,941

STATE OF KANSAS, *Appellee,* v. MORRIS CLAUDE JORDAN, *Appellant.*

(396 P. 2d 842)

Opinion filed November 7, 1964.

*Frank W. Liebert,* of Coffeyville, argued the cause and was on the briefs for appellant.

*Monte K. Heasty,* Assistant County Attorney, of Independence, argued the cause, and *William Ferguson,* Attorney General, of Topeka, and *B. D. Watson,* County Attorney, of Independence, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal is from a conviction in the district court of Montgomery County on a plea of guilty to burglary in the second degree (G. S. 1961 Supp., 21-520) and attempted grand larceny (G. S. 1949, 21-101 and G. S. 1961 Supp., 21-533).

The defendant was arrested on September 20, 1963, on a warrant charging him with burglary in the second degree and attempted grand larceny. On the same day, he was taken before the judge of the city court of Coffeyville, sitting as a magistrate, for a preliminary hearing. The transcript of the proceedings of that hearing disclosed

that the defendant was arraigned on the complaint and warrant before the judge of the city court of Coffeyville on September 20, 1963, and the defendant entered a plea of guilty and waived his right to a preliminary hearing without the appearance of counsel. He was bound over for trial to the district court of Montgomery County on the charges as contained in the complaint and warrant. The defendant did not request the assistance of counsel before he waived his right to a preliminary hearing.

On October 30, 1963, an information was filed in the district court charging the defendant with burglary in the second degree and attempted grand larceny as defined in the statutes heretofore mentioned.

On November 8, 1963, the defendant appeared in the district court for arraignment upon said charges without counsel. After explaining the nature of the charges to the defendant, the district court advised him of his right to counsel of his own choosing, and upon inquiry the court determined the defendant was indigent and unable to employ counsel. Thereupon, the district court appointed Jack L. Lively, a member of the Montgomery County Bar, to represent the defendant. The defendant indicated to the district court that he desired to waive counsel, but the court appointed counsel over the defendant's objection. The proceeding was continued to give the defendant and his counsel an opportunity to confer. Thereafter, the case was again called for arraignment and upon being arraigned, the defendant entered a voluntary plea of guilty to the charges as alleged in the information, and the court imposed sentences upon him as prescribed by law. He is presently serving the sentences imposed in the Kansas State Penitentiary.

A timely notice of appeal was filed by the defendant *pro se* and *in forma pauperis* accompanied by a motion for appointment of counsel to perfect and assist in his appeal to this court. Pursuant to Rule No. 56 (191 Kan. XII, Prefatory Rule No. 1) of this court, the district court sustained the defendant's motion for counsel and appointed Frank W. Liebert, a member of the Montgomery County Bar, to assist the defendant in his appeal.

When the case was argued on its merits, counsel for the appellant stated that the sole question presented was whether an indigent defendant has a right to have counsel appointed at a preliminary hearing. Counsel further stated that no question was raised with

respect to the competency of the defendant's counsel in the district court.

In a long and consistent line of decisions this court has held that an accused has no constitutional right to be furnished counsel at his preliminary hearing. See, *State v. Badders,* 141 Kan. 683, 685, 42 P. 2d 943; *Fry v. Hudspeth,* 165 Kan. 674, 676, 197 P. 2d 945; *Martin v. Edmondson,* 176 Kan. 374, 270 P. 2d 791; *State v. Crowe,* 190 Kan. 658, 378 P. 2d 89; *State v. Naillieux,* 192 Kan. 809, 391 P. 2d 140, cert. den. _____ U. S. _____, 13 L. Ed. 2d 67, 85 S. Ct. 131, and *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978. The same results have been reached in the federal courts: *State v. Sullivan,* 227 F. 2d 511, 513, cert. den. 350 U. S. 973, 100 L. Ed. 844, 76 S. Ct. 449; *Feguer v. United States,* 302 F. 2d 214, 252, cert. den. 371 U. S. 872, 9 L. Ed. 2d 110, 83 S. Ct. 123; *Burall v. Johnston,* 146 F. 2d 230, cert. den. 325 U. S. 887, 89 L. Ed. 2001, 65 S. Ct. 1567; *Odell v. Burke,* 281 F. 2d 782, 785, 786, cert. den. 364 U. S. 875, 5 L. Ed. 2d 96, 81 S. Ct. 119; *Setser v. Welch,* 159 F. 2d 703, 704, cert. den. 331 U. S. 840, 91 L. Ed. 1851, 67 S. Ct. 1510, and *Latham v. Crouse,* 320 F. 2d 120, cert. den. 375 U. S. 979, 11 L. Ed. 2d 317, 84 S. Ct. 449. This question was discussed at length in our recent case of *State v. Daegele,* supra, p. 316, and the reader is referred to that opinion.

In light of the foregoing, except in extraordinary circumstances, the constitutional right to counsel accrues only after the accused is formally charged with a crime by information or indictment in the district court.

The record indicates that the defendant entered a purported plea of guilty at the time he waived his right to a preliminary hearing. Under Kansas procedure, the city court of Coffeyville has the same jurisdiction in criminal cases as justices of the peace have in the state (G. S. 1961 Supp., 20-1603), and justices of the peace have concurrent original jurisdiction with the district court, coextensive with their respective counties, in all cases of misdemeanor in which the fine cannot exceed $500 and the imprisonment cannot exceed one year; they have no jurisdiction to arraign an accused who is charged with a felony or to accept a plea of guilty on said charge. (G. S. 1949, 63-101.) G. S. 1949, 62-805 provides that no information shall be filed against any person for any felony until such person shall have had a preliminary examination before a justice

of the peace or other examining magistrate or officer—here, the judge of the city court of Coffeyville—unless such person shall waive his right to such examination. The preliminary examination in a felony case is not a trial in the sense that word is ordinarily used (*State v. Daegele,* supra); it is purely statutory, since it was unknown at common law (*State v. Badders,* supra), and a discharge of an accused by a magistrate is not a bar to another examination on the same felony charge. (*State v. Jones,* 16 Kan. 608.)

At most, the defendant's attempt to enter a plea of guilty to the charges before the judge of the city court of Coffeyville was a nullity which in no wise affected the validity of the defendant's waiver of his right to a preliminary hearing. As was stated in *State v. Daegele,* supra, and in other cases, it is a well-established rule that any alleged "irregularity" pertaining to a preliminary examination is deemed to have been waived where a defendant enters a voluntary plea of guilty in the district court. See, *Cooper v. Hudspeth,* 166 Kan. 239, 240, 199 P. 2d 803; *Foster v. Hudspeth,* 170 Kan. 338, 224 P. 2d 987 (petition for writ of certiorari dismissed on motion of petitioner), 340 U. S. 940, 95 L. Ed. 678, 71 S. Ct. 503; *Plasters v. Hoffman,* 180 Kan. 559, 560, 305 P. 2d 858, and *Thomas v. Hand,* 184 Kan. 485, 337 P. 2d 651. Moreover, the defendant's purported plea of guilty to the felony charges as disclosed in the transcript of the preliminary hearing, which was filed in the district court, would have been inadmissible as evidence against him had he stood trial in the district court.

We have fully examined the record and find no reversible error. The judgment of the district court is affirmed.