No. 44,096

STATE OF KANSAS, *Appellee,* v. JOHN BLACKSMITH, *Appellant.*

(400 P. 2d 743)

Opinion filed April 10, 1965.

*John F. Gernon,* of Hiawatha, argued the cause and was on the brief for the appellant.

*Don A. Cashman,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507 in which the district court of Brown County, Kansas, denied the petitioner's motion for discharge from the Kansas State Penitentiary. Appeal has been duly perfected.

The only question is whether the petitioner, an indigent, was entitled to court-appointed counsel at his preliminary hearing in a criminal proceeding which resulted in his conviction.

The petitioner was charged with burglary in the second degree and grand larceny in one count, and burglary in the second degree and petty larceny in a second count. Upon the petitioner's arrest pursuant to a warrant charging such offenses, he was taken before the judge of the county court of Brown County for his preliminary hearing. The journal entry discloses the petitioner waived the reading of the complaint and also waived the preliminary hearing. Thereupon an information was filed in the district court of Brown County, Kansas, charging the petitioner with burglary in the second degree and grand larceny (the second count having been dismissed).

At the petitioner's arraignment in the district court on the 30th day of July, 1959, counsel was appointed to represent him. After consulting with his court-appointed counsel, the petitioner waived the reading of the information and entered a voluntary plea of guilty to burglary in the second degree and grand larceny.

In due course the petitioner was sentenced to the Kansas State

Penitentiary, and on the 15th day of July, 1964, filed his motion for discharge pursuant to K. S. A. 60-1507 (a). At the hearing on the motion the petitioner was represented by the same attorney who was appointed to represent him in the criminal proceeding.

The district court denied the appellant's motion for discharge and his motion for rehearing, whereupon he filed his notice of appeal to the Supreme Court on the 25th day of September, 1964.

The thrust of the appellant's argument is that no man can be bound by a waiver of his rights, unless such waiver is distinctly made, with full knowledge of the rights which he intends to waive. (Citing, 56 Am. Jur., Waiver, § 15, pp. 115, 116; and *Carnley v. Cochran,* 369 U. S. 506, 8 L. Ed. 2d 70, 82 S. Ct. 884 [1962].) It is argued the record does not show the appellant knew in fact what he was waiving at his preliminary hearing.

The question raised by the appellant on his appeal has been decided by this court since the United States Supreme Court decisions of *Hamilton v. Alabama,* 368 U. S. 52, 7 L. Ed. 2d 114, 82 S. Ct. 157 (1961), and *White v. Maryland,* 373 U. S. 59, 10 L. Ed. 2d 193, 83 S. Ct. 1050 (1963), (upon which the appellant relies) in *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978 (cert. den. January 18, 1965, 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686), on facts almost identical to those in the case at bar, which held that failure to appoint counsel for an indigent defendant in a criminal proceeding at a preliminary examination is not error. The court further held that any so-called alleged "irregularity" pertaining to a preliminary examination is deemed to be waived where a defendant enters a voluntary plea of guilty in the district court. The *Daegele* case has been upheld many times. (*State v. Cox,* 193 Kan. 571, 396 P. 2d 326; *State v. Jordan,* 193 Kan. 664, 396 P. 2d 342; and *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799.)

For a recent discussion of this question in view of Federal Supreme Court decisions, see *State v. Richardson,* supra.

The judgment of the lower court is affirmed.