No. 44,185

STATE OF KANSAS, *Appellee*, v. JOHN CHARLES TALBERT, *Appellant*.

(402 P. 2d 810)

Opinion filed June 12, 1965.

*Jack L. Lively*, of Coffeyville, argued the cause and was on the brief for the appellant.

*Monte K. Heasty*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *B. D. Watson*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a proceeding instituted pursuant to K. S. A. 60-1507, in which the district court of Montgomery County, Kansas, denied the petitioner's motion for discharge from the Kansas State Penitentiary. Appeal has been duly perfected.

The questions presented are: (1) Whether the petitioner, an indigent, was entitled to court-appointed counsel at his prelimi-

nary hearing in criminal proceedings which resulted in his conviction; (2) whether a voluntary plea of guilty in the district court, after appointment of counsel, constitutes a waiver of any alleged irregularities in the proceedings; and (3) whether a petitioner in proceedings instituted pursuant to 60-1507, *supra*, is entitled to the appointment of different counsel on appeal to the Supreme Court in the 1507 proceeding in order to challenge the competency of counsel who represented him at the trial in the criminal action.

The petitioner, John Charles Talbert, was arrested on November 13, 1963, by virtue of a warrant charging him with burglary in the second degree and larceny in connection with the burglary. He was taken before the magistrate in the court of Coffeyville, Kansas, on the same date, where he entered a plea of guilty and waived a preliminary hearing. Thereupon, the magistrate bound the petitioner over for trial to the next term of the district court. The petitioner was not represented by counsel when he appeared before the magistrate.

On November 22, 1963, an information was filed in the district court of Montgomery County, Kansas, sitting at Coffeyville, charging the petitioner with burglary in the second degree under G. S. 1961 Supp., 21-520, and larceny in connection with burglary under G. S. 1949, 21-524.

On the same day, the petitioner appeared in the district court without counsel. After explaining the nature of the charge to the petitioner, the court advised him of his right to counsel of his own choosing and, upon inquiry, the court determined that the petitioner was indigent and unable to employ counsel. The court then advised the petitioner of his right to counsel by appointment of the court and, after the petitioner indicated to the court his desire to waive counsel, the court appointed counsel over the petitioner's objection so that he would be fully advised and his rights in the criminal proceeding protected. Jack L. Lively, a member of the Montgomery County bar, was appointed and the case was continued to give the petitioner an opportunity to confer with his attorney.

Thereafter, the case was called for arraignment, and upon arraignment the defendant entered a voluntary plea of guilty to the charges set forth in the information. Thereafter the court imposed sentences upon him as prescribed by law, such sentences to run concurrently.

The petitioner is presently serving the sentence imposed upon him at the Kansas State Penitentiary at Lansing, Kansas.

On the 22nd day of July, 1964, the petitioner filed a motion in the district court of Montgomery County, Kansas, to set aside and vacate the sentence. This motion was in the form of a letter directed to the judge of the district court of Montgomery County, Kansas. The petitioner's letter was treated by the court as a motion to set aside and vacate the judgment previously imposed. The petitioner alleged in his motion that he was not represented by counsel at his arraignment nor prior thereto.

On the 13th day of August, 1964, the petitioner's application to set aside and vacate the sentence was set for hearing. The petitioner was notified of the hearing and the trial court, after considering the motion by examining the records and files, including the transcript of the petitioner's arraignment, overruled the motion.

The trial court found that no substantial questions of law or triable issues of fact were presented which required the appointment of counsel to assist him, and that the petitioner's presence in court was not required. The court further found the petitioner was represented by court-appointed counsel who was present at his arraignment in the district court, and that the lack of counsel prior thereto was immaterial. It found the petitioner was represented by competent counsel at the arraignment in the district court, and further that the petitioner, while being represented by counsel, entered his plea of guilty to the charges set forth in the information, and that the judgment and sentence imposed on the 22nd day of November, 1963, was valid in all respects.

The petitioner filed his notice of appeal *pro se* and *in forma pauperis*, and requested appointment of counsel under Rule No. 56 of the Supreme Court. On the 2nd day of October, 1964, Jack L. Lively, the same attorney appointed to represent the petitioner at the trial in the criminal proceedings, was appointed to represent him on appeal in this proceeding under 60-1507, *supra*. On the 9th day of October, 1964, the petitioner notified the district court by letter that he was complaining of his court-appointed attorney and requested that a different attorney be appointed. Thereupon, Mr. Lively, the petitioner's court-appointed attorney, filed a motion to withdraw on the ground that he was unable to raise all issues set forth in the notice of appeal filed by the petitioner, which motion the district court overruled on the 13th day of November, 1964.

The first two questions raised by the appellant were answered by this court in *State v. Jordan,* 193 Kan. 664, 396 P. 2d 342, on facts identical to those presently under consideration, except that different counsel was appointed to represent the petitioner in the 1507 proceedings. The court there held in the syllabi:

"Under the provisions of G. S. 1949, 62-615, any person accused of felony may be assisted by counsel at a preliminary examination, but there is no statute requiring the appointment of counsel, and, in the absence of such a statute, an accused has no constitutional right to counsel at such an examination.

"The city court of Coffeyville has the same criminal jurisdiction as justices of the peace have in this state. (G. S. 1961 Supp., 20-1603.)

"A justice of the peace who sits as an examining magistrate at a preliminary examination of an accused who is charged with the commission of a felony, has no jurisdiction to arraign the accused or to accept a plea of guilty on said charge, and, where the transcript of the examination discloses such a purported arraignment of the accused and his plea of guilty to said charge, it is a nullity and should be disregarded.

"Any alleged 'irregularity' pertaining to a preliminary examination is deemed to have been waived where a defendant enters a voluntary plea of guilty in the district court." (Syl. ¶¶ 1 through 4.)

The *Jordan* decision, to which we adhere, has since been affirmed in *State v. Blacksmith,* 194 Kan. 643, 400 P. 2d 743; and decisions of the United States Supreme Court cited by the petitioner in support of his contentions have been analyzed and found to be unavailing by this court in *State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; and *State v. Blacksmith,* supra.

The petitioner contends it was error for the trial court to refuse to appoint different counsel under Rule No. 56 to present his appeal in this proceeding. It is argued he should be permitted to raise and exhaust all issues in one proceeding—that if the two court-appointed counsel are one and the same person, the petitioner never has an opportunity to properly raise and pursue the issue of competency of court-appointed counsel at the trial of the criminal proceedings.

It does not appear that the petitioner in his original motion questioned the competency of counsel. This was raised for the first time in his notice of appeal from the order overruling his motion to set aside and vacate the sentence. Even then, the petitioner states only that Mr. Lively is a novice member of the Montgomery County bar, and that he only visited with him for a short time concerning this case. (See, *State v. Richardson,* supra.)

When the trial court considered the petitioner's letter requesting different counsel, and the motion of his court-appointed attorney to withdraw from the case, it was within the discretionary power of the trial court to rule upon the motion, either to grant it or deny it. The record shows no evidence of incompetency on the part of counsel appointed to represent the petitioner in the criminal proceeding, and we must conclude the trial court did not abuse the exercise of its power of discretion in denying the motion. (See, *State v. Calhoun*, 194 Kan. 378, 399 P. 2d 886; and *State v. Richardson*, supra.)

The petitioner's contention that the trial court did not properly consider his motion to vacate and set aside the sentence is not borne out by the record. The motion was set for hearing by the court. The petitioner was notified as to the hearing date, and the court, pursuant to Rule No. 121 (*f*) (found in 193 Kan., Advance Sheet No. 4, p. iii) considered the files and the records of the case which it found conclusively disclosed that the movant was entitled to no relief—that the petitioner raised no triable issues of fact or substantial questions of law which would require his presence in the court at the time of the hearing on the motion or require the appointment of counsel to represent him. (See, Rule No. 121 [*h*] and [*i*].) The court further found the petitioner's statement that he was not represented by counsel at his arraignment was refuted and contradicted by the transcript thereof, and that it showed counsel was appointed to represent the petitioner in the criminal proceeding prior to his arraignment. It further found the petitioner, while being represented by counsel, entered a plea of guilty to the charges set forth in the information. (See, Rule No. 121 [*j*].)

Contrary to the petitioner's contention, the record discloses the trial court carefully considered the entire record, including the transcript of the arraignment, and gave due consideration to each point raised by the petitioner. Nothing was presented to the trial court which would show that the judgment should be set aside.

The judgment of the lower court is affirmed.