No. 44,430

ARTHUR WILLIAM McFARLAND, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(411 P. 2d 658)

Opinion filed March 5, 1966.

*Reuben E. Weatherford, Jr.,* of Independence, argued the cause, and was on the brief for the appellant.

*Monte K. Heasty,* Assistant County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *B. D. Watson,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner, an indigent, in a proceeding instituted pursuant to the provisions of K. S. A. 60-1507.

On the 31st day of May, 1963, a complaint was filed in the city court of Independence, Montgomery County, Kansas, charging the petitioner and two others jointly with burglarly in the second degree and grand larceny. The complaint alleged that the offense was committed on or about the 28th day of May, 1963. A warrant was issued for the petitioner's arrest on the 31st day of May, 1963, and he was brought before the magistrate on June 1, 1963.

On the 3rd day of July, 1963, the preliminary examination was held and the petitioner was not represented by counsel. The petitioner was bound over for trial in the district court of Montgomery County, Kansas, sitting at Independence. The information charged the petitioner and the other defendants jointly with burglary in the second degree under G. S. 1961 Supp., 21-520, and larceny in connection with the burglary under G. S. 1949, 21-524.

On the 9th day of September, 1963, the petitioner was brought before the district court for arraignment. At that time counsel was appointed to represent him and later on the same day the petitioner

appeared with counsel and entered a plea of not guilty to the charges. The matter was set for trial on the 11th day of October, 1963.

On the 11th day of October, 1963, the petitioner appeared with counsel and the trial of the matter was continued until the 14th day of October, 1963.

On the 14th day of October, 1963, the petitioner appeared with counsel and withdrew his plea of not guilty to the charges contained in the information and entered pleas of guilty to such charges. He was thereupon sentenced by the court to confinement at the state penitentiary for a term of not less than five nor more than ten years for burglary in the second degree, and for a term of not exceeding five years for grand larceny in connection therewith, the sentences to run concurrently.

On the 4th day of March, 1965, the petitioner filed his motion attacking the judgment and sentence pursuant to the provisions of K. S. A. 60-1507 and Rule No. 121 of the Supreme Court. (See, 194 Kan. xxvii.)

The trial court after hearing the matter found: (1) That the petitioner raised no questions or issues in his motion that required his personal presence in court or that required the appointment of counsel to represent him at such hearing; (2) that the allegations of the motion were unsupported and directly refuted by the records and files in the case; (3) that the petitioner entered his plea of guilty to the charges, and that said pleas of guilty were entered by the petitioner while represented by competent counsel, and that said pleas were voluntary in all respects; (4) that the judgment and sentence entered in the criminal proceeding against the petitioner was due and proper in all respects and in accordance with law, and that the same was valid and should not be vacated or set aside; and (5) that the petitioner's motion to vacate and set aside the judgment and sentence should be overruled.

Appeal has been duly perfected from the order of the trial court overruling the petitioner's motion, and he is represented by counsel on appeal in this court.

Counsel for the appellant raises three points on appeal.

The first is that the appellant was not represented by counsel at his arraignment and preliminary examination. It is, of course, improper to refer to the reading of the charges to one accused before a magistrate as the arraignment. At the arraignment of the

appellant on the information filed in the district court he was represented by competent counsel.

Whether the appellant was entitled to court-appointed counsel at his preliminary examination on the facts here presented has been before this court on numerous occasions. The court has consistently held that an indigent defendant is not entitled to the appointment of counsel at his preliminary hearing. (*State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den. 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143; *Bergin v. State*, 194 Kan. 656, 400 P. 2d 978; *State v. Richardson*, 194 Kan. 471, 399 P. 2d 799; *State v. Jordan*, 193 Kan. 664, 396 P. 2d 342; and *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686.)

The second point raised by the appellant is that the state was out of time in the prosecution of the criminal action which resulted in his conviction. On this point the appellant contends he was arrested on the 25th day of April, 1963; that the record shows the warrant for his arrest in said criminal proceeding was issued on the 31st day of May, 1963, and that he was first brought before the magistrate on the 1st day of June, 1963.

The files and records in the criminal proceeding before the trial court show this contention to be without merit. The information charges the appellant with having committed the offenses in question on or about the 28th day of May, 1963, and that he ultimately entered a plea of guilty to the charges as filed. Obviously, if the appellant was in confinement and under arrest from the 25th day of April, 1963, until the issuance of the warrant on the 31st day of May, 1963, he would not have pleaded guilty to offenses having been committed on or about the 28th day of May, 1963. He would have had a perfect alibi. The records in the case disclose that the appellant was arrested on the 31st day of May, 1963.

Even if it be assumed there was some delay, it was held in *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652, that undue delay in bringing one accused of crime before a magistrate is not, of itself, a denial of due process. It is only where a preliminary delay in some way deprives an accused of a fair trial that there can be a denial of due process.

The third point raised by the appellant is that the order of the trial court herein overruling his motion to set aside the judgment, without requiring his personal presence in court and without requiring the appointment of counsel to represent him therein, was

erroneous because it was necessary for the appellant to introduce testimony, including the testimony of himself, in order to determine whether he was held a prisoner an unreasonable length of time between his arrest and the issuance of a warrant.

Where the record and files in the criminal proceeding clearly refute the contention of the appellant, as disclosed above, it is unnecessary to have the appellant before the trial court when the hearing is conducted, or that he be represented by counsel at such hearing.

The pertinent provisions of K. S. A. 60-1507 read:

". . . Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. The court may entertain and determine such motion without requiring the production of the prisoner at the hearing. . . ."

In October, 1964, this court implemented 60-1507, *supra,* by Rule No. 121, which the trial court correctly applied to the facts in this case. (See, Rule No. 121 [f], [g], [h], [i] and [j].)

In *State v. Burnett,* 194 Kan. 645, 400 P. 2d 971, this court, while recognizing an indigent petitioner's full opportunity to present substantial matters affecting the validity of a sentence, said as follows:

". . . The corollary of the requirement that a full, or plenary, hearing be accorded a prisoner, when substantial questions are raised, is the court's right to dispense with such a complete hearing and to determine the questions submitted in a more summary fashion whenever 'the files and records of the case conclusively show that the movant is entitled to no relief.'" (p. 647.)

We hold the trial court was well within the confines of sound discretion in determining that a full hearing, with the appellant present and counsel representing him, was not required to determine the issues before the court on the basis of the appellant's motion.

The judgment of the lower court is affirmed.