No. 44,142

Ray Anthony McCuan, *Appellant,* v. State of Kansas, *Appellee.*

(413 P. 2d 69)

Opinion filed April 9, 1966.

*Albert S. Teed,* of Hutchinson, argued the cause, and was on the brief for the appellant.

*Richard J. Rome,* County Attorney, argued the cause, and *Raymond F.*

*Berkley* and *Lane H. Cronhardt*, Assistant County Attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal by the petitioner in a proceeding instituted pursuant to the provisions of K. S. A. 60-1507.

The petitioner contends (*a*) that he had no attorney at the time he was arraigned in the criminal proceedings which resulted in his conviction; and (*b*) that there was too much time delay between his arrest and his arraignment.

The petitioner was originally charged on the 2nd day of May, 1963, in the city court of Hutchinson, Reno County, Kansas, with two counts of burglary in the second degree and one count of grand larceny.

The records in the case disclose that a warrant was served upon the petitioner, and he was brought before the judge of the city court on the 3rd day of May, 1963, at which time the matter was continued to the 10th day of May, 1963. The petitioner, unable to post bond set in the amount of $5,000, was held in custody by the sheriff.

The forms used by the city court of Hutchinson, Kansas, indicate that the petitioner's date of "arraignment" was May 3, 1963, and that upon his appearance before the judge of the city court on the 10th day of May, 1963, he entered a plea of "not guilty" and requested the appointment of counsel.

On the 22nd day of May, 1963, the petitioner was brought before the judge of the city court for a preliminary hearing, at which time the petitioner, an indigent, was represented by court-appointed counsel.

At the preliminary hearing evidence was introduced by the state, but none was offered by the petitioner. The grand larceny charge was dismissed and the petitioner was bound over to the district court for trial on two counts of burglary in the second degree. Bond was set at $5,000. Unable to post bond the petitioner was held in custody in the Reno county jail.

On the 23rd day of September, 1963, an information was filed in the district court of Reno County, Kansas, charging the appellant with two counts of burglary in the second degree. The matter was called for trial on the 4th day of November, 1963, and the petitioner appeared in person and was represented by counsel of his choice, John K. Leighnor. He was duly arraigned and entered a

plea of not guilty to the charges. The case was tried before a jury which, after hearing the evidence, argument of counsel and instructions of the court, found the petitioner guilty as charged. The petitioner was thereupon sentenced to the Kansas State Penitentiary for a period of not less than five nor more than ten years on each of the counts, said sentences to run concurrently. (He is presently in confinement under this sentence.)

An effort was made by the state to introduce evidence of one prior felony conviction, but this was rejected by the trial court on the ground the photostatic copy of the journal entry of conviction was improperly certified, as a result of which the petitioner was not sentenced under the habitual criminal act. (K. S. A. 21-107a.)

Counsel for the petitioner filed a motion for a new trial setting forth five grounds in his motion. After hearing the motion it was overruled by the trial court. No appeal was perfected to the Supreme Court in the criminal proceeding.

Thereafter and on the 23rd day of July, 1964, the petitioner filed a letter in the district court of Reno county which was treated as a motion for relief under the provisions of K. S. A. 60-1507. The only grounds stated in the petitioner's motion were as follows:

". . . I had no lawyer at the time I was arraigned. There was too much time before I was arraigned. I didn't see a lawyer until right before my Preliminary hearing. . . ."

It will be noted this letter was filed before Rule No. 121 of the Supreme Court was adopted. Upon receipt of this letter the trial court wrote to the petitioner requesting whether he had evidence other than his unsupported and uncorroborated word as to the matters set forth in his letter.

On the 31st day of July, 1964, the petitioner's reply in substance stated that the court transcript and the records of his arrest and arraignment would be proof of his allegations, and that he was relying upon these records.

On the 31st day of July, 1964, the court thereupon considered the petitioner's motion, and after examining the records and files in the case found that they conclusively showed the petitioner was entitled to no relief; and that the burden of proof cast upon the petitioner was not sustained by his unsupported and uncorroborated statements.

The petitioner was not present at the hearing on his motion filed pursuant to the provisions of 60-1507, *supra,* nor was counsel appointed to represent the petitioner at such hearing.

Appeal has been duly perfected from the order of the trial court overruling his motion for relief under 60-1507, *supra*, and the trial court appointed Albert S. Teed, a regularly practicing attorney of the Reno County Bar to represent the petitioner in the Supreme Court on his appeal. Leave was granted for the petitioner to proceed *in forma pauperis*.

The appellant's first contention is that he was without counsel at his "arraignment."

It is apparent the appellant is referring to the first reading of the warrant to him in the city court of Hutchinson, Kansas, when he speaks of the "arraignment." Forms similar to those used in the city court of Hutchinson have been before this court on previous occasions. The matter was thoroughly considered in *State v. Jordan*, 193 Kan. 664, 396 P. 2d 342, cert. den. 380 U. S. 920, 13 L. Ed. 2d 805, 85 S. Ct. 917, where it was noted that the city court of Coffeyville had the same criminal jurisdiction as justices of the peace in the state of Kansas. (Citing, G. S. 1961 Supp., [now K. S. A.] 20-1603.)

When a city court is established in a city of the first or second class, the city court in criminal matters has the same jurisdiction that justices of the peace now have in the state of Kansas. (K. S. A. 20-1403.)

In the *Jordan* case it was held:

"A justice of the peace who sits as an examining magistrate at a preliminary examination of an accused who is charged with the commission of a felony, has no jurisdiction to arraign the accused or to accept a plea of guilty on said charge, and, where the transcript of the examination discloses such a purported arraignment of the accused and his plea of guilty to said charge, it is a nullity and should be disregarded." (Syl. ¶ 3.)

Subsequent decisions adhering to *State v. Jordan*, supra, are *State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den. 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143; *Goodwin v. State*, 195 Kan. 414, 407 P. 528; and *McFarland v. State*, 196 Kan. 417, 411 P. 2d 658.

Here the appellant was represented by counsel, both at the time of the preliminary hearing and at the time of his arraignment in the district court.

In *Goodwin v. State*, supra, it was said:

". . . The term *arraignment* is sometimes used loosely. Although not explicitly defined by statute, it refers in general to the first step in the progress of a trial wherein the accused is called to the bar of the court; his identity established; he is informed of the charge against him and called upon to plead

to that charge (22 C. J. S., Criminal Law, § 406; 21 Am. Jur. 2d., Criminal Law, § 452). It would appear that what appellant is complaining about is the fact that when he was initially brought before the magistrate issuing the warrant for his arrest upon the charge of burglary he was without counsel. The appearance before an examining magistrate—in this case the city court of the city of Hutchinson—upon return of a warrant pursuant to K. S. A. 62-602 in a felony case is not properly termed an *arraignment*, there being no authority in such magistrate to arraign one charged with a felony (*State v. Talbert*, 195 Kan. 149, 402 P. 2d 810, cert. den. October 11, 1965, 382 U. S. 868, 15 L. Ed. 2d 107, 86 S. Ct. 143, and we are not aware of any authority for or constitutional right to the assistance of counsel at this point under the circumstances shown. At this initial hearing the record does indicate appellant 'was duly arraigned by having the charge distinctly read to him, and being required to plead thereto, pleaded not guilty.' It was proper for the accused to be informed of the charge against him and for that fact to be recorded, but the balance of the procedure was improper and should not have been followed. However, this purported arraignment and plea could not in any wise prejudice the rights of the appellant especially in view of the fact he did plead not guilty (*State v. Talbert*, supra, *State v. Jordan*, 193 Kan. 664, 396 P. 2d 342, cert. den. March 1, 1965, 380 U. S. 920, 13 L. Ed. 805, 85 S. Ct. 917.)" (pp. 418, 419.)

The situation before the court in *Goodwin* was identical to the factual situation in the instant case and controls its disposition.

This court has consistently held that an indigent defendant in a criminal proceeding has no constitutional right to have counsel appointed by the court to represent him in a preliminary hearing. (See, *State v. Daegele*, 193 Kan. 314, 393 P. 2d 978, cert. den. 379 U. S. 981, 13 L. Ed. 2d 571, 85 S. Ct. 686; and *State v. Talbert*, supra.) Here, however, the appellant was represented by counsel at the preliminary hearing, and subsequently demanded a trial by jury upon arraignment in the district court and the entry of a plea of not guilty.

The second point concerning which the appellant complains is that he was denied due process of law in that his "arraignment" was illegally delayed eight days from the date of his arrest when he was taken into custody.

Here again the appellant is erroneously referring to his arraignment as the reading of the complaint at his initial appearance made before the judge of the city court of Hutchinson, Kansas.

The record herein discloses that on the 2nd day of May, 1963, the appellant was arrested on a warrant charging him with the commission of three separate felony counts; that he was taken before the judge of the city court on the 3rd day of May, 1963, at which time the matter was continued until the 10th day of May, 1963.

The important fact disclosed by the record is that the appellant was brought before a magistrate soon after he was arrested by the sheriff of Reno County, Kansas.

The delay of which the appellant complains did not in any way deprive him of a fair trial. It follows that he was not denied due process of law.

In the case of *Cooper v. State*, 196 Kan. 421, 411 P. 2d 652, there was actually delay between the appellant's arrest and the time he was brought before a magistrate in the first instance. The court there held:

"Undue delay in bringing one accused of crime before a magistrate is not, of itself, a denial of due process. It is only where a preliminary delay in some way deprives an accused of a fair trial that there can be a denial of due process.

"The guaranty of a speedy trial contained in Section 10 of the Bill of Rights of the Kansas Constitution does not refer to the preliminary examination, but rather to the trial held after an indictment is returned or an information is filed, and at which the issue of guilt or innocence is to be determined." (Syl. ¶¶ 1, 2.)

On appeal to this court the appellant seeks to raise a third point. He charges that the trial court erred in allowing a statement which he had been coerced into signing by officials, prior to having the advice of counsel and prior to arraignment, to be used against him at the time of his trial.

This point was not raised by the petitioner in his motion to vacate the judgment and sentence and therefore was not presented to the trial court. In the criminal proceeding which resulted in the appellant's conviction he was represented by counsel of his own choosing, and this point was not raised at the trial by any objection to such evidence or in the appellant's motion for a new trial. Under these circumstances it comes too late for the appellant to attempt to raise this question on appeal in the 1507 proceeding for the first time. He is presumed to have waived any objection to this point by his conduct, through counsel, at the trial in the criminal proceeding.

The trial court in the instant case, which sentenced the appellant, in determining the points raised by the appellant in his motion to vacate the judgment and sentence, considered the files and the records before it in the criminal proceeding which it found conclusively disclosed that the appellant was entitled to no relief—that the appellant in his motion raised no triable issues of fact or substantial questions of law which would require his presence in the court at

the time of the hearing on the motion or require the appointment of counsel to represent him. (Rule No. 121 [*f*], [*h*] and [*i*]—194 Kan. xxviii.)

The record on appeal in this court in the 1507 proceeding sustains the trial court in its findings and conclusions.

The judgment of the lower court is affirmed.