Lawrence J. STOCKLER,
Plaintiff–Appellant,

v.

C. William GARRATT, Defendant–
Appellee.

No. 91–1649.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 3, 1992.

Decided Sept. 9, 1992.

Rehearing and Rehearing En Banc
Denied Oct. 23, 1992.

Lawrence J. Stockler, Lawrence J. Stockler & Associates, Southfield, Mich., Michael C. Crowley (argued and briefed), Pontiac, Mich., for plaintiff-appellant.

Richard A. Wilhelm (argued and briefed), Lawrence Campbell, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant-appellee.

Before: GUY and RYAN, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Plaintiff-appellant, Lawrence Stockler, appeals the judgment for the defendant-appellee, C. William Garratt, after a civil jury trial in which a magistrate conducted *voir dire* over the plaintiff's objection. For the following reasons, we reverse.

I.

Plaintiff Stockler, an attorney, appeals a district court judgment in favor of defendant Garratt, also an attorney, in a civil suit for damages alleging the procurement of a tape recorded conversation in violation of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510–2520, and other claims. Title III states in relevant part that it is a crime to intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire, oral, or electronic communication if such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. 18 U.S.C. §§ 2511(1)(a), (2)(d). The Act authorizes the recovery of damages and reasonable attorneys' fees and costs in a civil suit if the statute is violated. 18 U.S.C. § 2520. Plaintiff Stockler filed a complaint in the United States District Court for the Eastern District of Michigan, alleging that defendant Garratt had procured a third party to tape record a conversation between the third party and plaintiff Stockler with a criminal intent, and requested five million dollars in punitive damages.

Defendant Garratt made a motion for summary judgment, which the district court granted, finding that there was no violation of the statute, because no use had ever been made of the tape. Stockler appealed to the Court of Appeals for the Sixth Circuit, which reversed, stating that it was not necessary for liability that the allegedly illegal interception be used for a criminal or tortious purpose. *Stockler v.*

*Garratt,* 893 F.2d 856, 859 (6th Cir.1990). The case was remanded to the district court for a jury trial.

On remand, on March 7, 1991, a proceeding was held before a magistrate to empanel a jury. Counsel for plaintiff objected to jury selection by a magistrate, contending that under *Gomez v. United States,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), *voir dire* could not be conducted by a magistrate over the objection of one of the parties. The magistrate called a brief recess to consult with the district court. The district court determined that the Supreme Court's decision in *Gomez* was limited to criminal matters and did not apply in a civil case, and instructed the magistrate to proceed with *voir dire* in spite of the plaintiff's objection.

After a jury trial on March 11–20, 1991, the jury found that defendant Garratt had not procured a third party to make a tape and there was no criminal or tortious purpose. The district court rendered a judgment in favor of defendant. On May 12, 1991, plaintiff's motion for a judgment notwithstanding the verdict was denied.

Plaintiff timely filed this appeal.

## II.

The dispositive issue presented by plaintiff Stockler's appeal is whether a federal magistrate is empowered to conduct *voir dire* in a civil jury trial over the plaintiff's objection.

Defendant Garratt first claims that plaintiff Stockler at first consented to having *voir dire* conducted by a magistrate, but then withdrew his consent in an attempt to delay the proceedings. However, there is no indication in the record that plaintiff ever gave his consent to having *voir dire* conducted by a magistrate. Moreover, at the beginning of the jury selection proceedings, plaintiff's attorney immediately objected to having *voir dire* conducted by a magistrate. We, therefore, believe that this issue is properly before this court.

The Federal Magistrates Act grants district courts authority to assign to magistrates certain described functions as designated in 28 U.S.C. § 636. Section 636(b) enumerates several types of proceedings over which the magistrate may preside. Section 636(b)(1) permits a judge to designate a magistrate to conduct pretrial matters (with exceptions) and hearings. Section 636(b)(2) permits the judge to designate a magistrate to serve as a special master. Section 636(b)(3) permits a judge to assign to a magistrate "such additional duties as are not inconsistent with the Constitution and laws of the United States." Section 636(c) permits a judge to designate a magistrate to "conduct any or all proceedings in a jury or nonjury civil matter," but only upon the consent of the parties.

In *Gomez v. United States,* 490 U.S. 858, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989), the Supreme Court held that the "additional duties clause" of section 636(b)(3) does not encompass the selection of a jury in a felony trial without the defendant's consent. The Court held that *voir dire* is a "critical stage" in the criminal trial, which cannot be assigned to a magistrate under section 636(b)(3), if the defendant objects. In *Peretz v. United States,* —— U.S. ——, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991), the Supreme Court reviewed its decision in *Gomez,* stating, "We held that a magistrate 'exceeds his jurisdiction' [under the Federal Magistrates Act] by selecting a jury 'despite the defendant's objection.'" *Id.* at ——, 111 S.Ct. at 2664.

In *Olympia Hotels Corp. v. Johnson Wax Development Corp.,* 908 F.2d 1363 (7th Cir.1990), the Seventh Circuit addressed the issue of whether the Federal Magistrates Act authorizes a magistrate to conduct *voir dire* in a civil case over the objection of one of the parties. The trial court had permitted a magistrate to conduct *voir dire* in a contract dispute despite the defendant's objection. The Seventh Circuit reversed, reasoning that the only possible statutory authority for the district court's action, section 636(b)(3), did not apply, because "[t]he location of this provision in the middle of the statute rather than at the end makes us doubt that it was intended to be as comprehensive a catch-all as its words literally suggest." *Id.* at 1368.

The *Olympia* court correctly noted that a broad interpretation of section 636(b)(3) would render meaningless "the elaborate provisions in section 636(c) for the conduct of civil trials (including jury trials) by a magistrate *with the consent of both parties.*" *Id.* (emphasis in original).

The Seventh Circuit determined that *voir dire* cannot be considered a non-essential stage of a civil jury trial that can be delegated to a magistrate under section 636(b)(3) without the parties' consent. As the Supreme Court in *Gomez* indicated, *voir dire* is a vital stage of every jury trial. "Far from an administrative empanelment process, *voir dire* represents jurors' first introduction to the substantive factual and legal issues in a case. To detect prejudices, the examiner—often, in the federal system, the court—must elicit from prospective jurors candid answers about intimate details of their lives. The court further must scrutinize not only spoken words but also gestures and attitudes of all participants to ensure the jury's impartiality." 490 U.S. at 874–75, 109 S.Ct. at 2247. The Supreme Court in *Gomez* concluded that Congress did not intend the additional duties clause to embrace this vital function. *Id.* at 876, 109 S.Ct. at 2247–48. Although the Court in *Gomez* was referring to a criminal trial, we believe a similar rationale applies in a civil trial. As the Seventh Circuit in *Olympia* stated, *voir dire* in a civil trial is the judge's best opportunity to "size up" the jury, which is important to the "judge's rulings on evidentiary questions, on motions for mistrials and new trials, and on other matters requiring an assessment of the particular jury's ability and attentiveness." 908 F.2d at 1369.

We conclude that under the Federal Magistrates Act, jury selection in a civil trial is not one of the additional supervisory duties which can be delegated to a magistrate pursuant to 28 U.S.C. § 636(b)(3) without the consent of the parties.

Under 28 U.S.C. § 636(c), the district court is authorized to appoint a magistrate to conduct *voir dire* if he has the consent of the parties. 28 U.S.C. § 636(c) states in relevant part:

(c) Notwithstanding any provision of law to the contrary—

(1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

However, in the present case, the plaintiff explicitly objected to having the magistrate conduct *voir dire* and the district court consciously disregarded this objection. As the Supreme Court explained in *Peretz*, consent is a "critical limitation" on the jurisdiction of the magistrate under the Act. —— U.S. at ——, 111 S.Ct. at 2666. We, therefore, find that in the present case, it was error for the district court to allow a magistrate to conduct *voir dire* over the objection of plaintiff Stockler.

### III.

We must next decide whether a harmless error analysis applies.

Defendant argues that any error in this case was harmless because plaintiff alleges no specific prejudice as a result of the magistrate's *voir dire* examination.

We disagree. The Supreme Court in *Gomez* refused to apply a harmless error analysis, stating that it was doubtful whether de novo review by a district court is adequate to review the *voir dire* function meaningfully as no "transcript can recapture the atmosphere of the *voir dire*," which depends not only on spoken words, but also on gestures and attitudes. 490 U.S. at 875, 109 S.Ct. at 2247. It is just as difficult for a party in a civil case to obtain adequate review of the *voir dire* proceeding. As the Seventh Circuit in *Olympia* pointed out, the decision not to apply the harmless error rule in *Gomez* is significant, because although *Gomez* was a criminal case, the criminal and civil harmless error rules are the same. 908 F.2d at 1370. The Supreme Court in *Gomez* "emphasized the fundamental character of a defendant's

right to be tried by a person with jurisdiction to preside, and the right is no less fundamental in a civil case." *Id.* (citation omitted). We agree with the Seventh Circuit that the rationale of *Gomez* should be extended to preclude a harmless error analysis in a civil jury trial.

Moreover, there is another reason why a harmless error analysis is inappropriate. In *Peretz*, the Supreme Court stated, "Because of the consent requirement, magistrates will be used only as the bench, bar, and litigants desire, only in cases where they are felt by *all participants* to be competent." —— U.S. at —— n. 8, 111 S.Ct. at 2666 n. 8 (emphasis added). The Act states that the parties "are free to withhold consent without adverse substantive consequences," and that rules of the court "shall include procedures to protect the voluntariness of the parties' consent." 28 U.S.C. § 636(c)(2). Thus, if a litigant is forced into having a magistrate preside over *voir dire* against his will, the issue is not whether the magistrate was a competent and impartial adjudicator, but whether the magistrate, as a judicial actor, had the authority to conduct the *voir dire* in the first place. As the Supreme Court stated in *Peretz*,

> The Act evinces a congressional belief that magistrates are well qualified to handle matters of similar importance to jury selection but conditions their authority to accept such responsibilities on the consent of the parties. If a defendant perceives any threat of injury from the absence of an Article III judge in the jury selection process, he need only decline to consent to the magistrate's supervision to ensure that a judge conduct the *voir dire.*

—— U.S. at —— - ——, 111 S.Ct. at 2668–69. It is the perceived threat of injury of not having an Article III judge preside over this important function, not the actual harm, which is relevant.

We do not believe that if a party in a civil action explicitly objects to having a magistrate conduct *voir dire* and the court consciously ignores this objection and allows the magistrate to conduct *voir dire,* it can be considered harmless error. Otherwise, courts could ignore the dictates of the Federal Magistrates Act with impunity and force civil litigants to submit to the jurisdiction of a magistrate without their consent unless a party could demonstrate exactly how the trial would have been different if an Article III judge, rather than the magistrate, had conducted the *voir dire.* For these reasons, we conclude that the district court's error in the present case is reversible and a harmless error analysis does not apply.

## IV.

To conclude, we hold that the district court's decision to allow a magistrate to conduct *voir dire* over the plaintiff's objection constitutes reversible error. For this reason, the verdict in favor of defendant must be reversed and the case remanded to the district court for a new trial. Because we reverse on this issue, plaintiff's other claims become moot.

RALPH B. GUY, JR., Circuit Judge, concurring in part and dissenting in part.

I agree with all of the court's opinion except for part III. I believe that it is appropriate to apply a harmless error analysis in the circumstances presented here. I further conclude that, if a harmless error analysis were applied, any error committed would be harmless as a matter of law.

At the time that the district judge referred this case to a magistrate for the impanelling of a jury, the law was unsettled as to whether a magistrate may draw a jury in a civil action without the consent of the parties. To this date, the Supreme Court has never explicitly ruled on this issue nor has our circuit.

The district judge, however, appreciating that in light of *Gomez* there was some uncertainty in this area, adopted a procedure whereby the magistrate had the primary responsibility for impanelling the jury, but the judge would rule on all objections and challenges for cause. This procedure was followed. Stockler makes no effort to point out how he was prejudiced in

any way by the magistrate drawing this jury. He did not even use all of his peremptory challenges, indicating that he was satisfied with the composition of the jury.

Stockler argued at length in his brief and at oral argument about all of the alleged dire consequences of a magistrate impanelling a jury in a civil case. Without reiterating these arguments, suffice it to say that the parade of horribles all referenced would exist if the parties *consented* to a magistrate drawing a jury. If, as Stockler argues, a fair trial cannot be conducted unless the jury's initial contact with a judicial officer is with the trial judge, then it would be impossible to have a fair trial even when the parties consent to a magistrate's participation. To merely state the proposition is to show its absurdity.

The court's decision today requires the district court to go through another rancorous trial over trivial issues generated primarily by the parties' animosity toward one another. In these days of crowded dockets, the district judge has far better things to do than retry this case.