Kevin KEMP, Plaintiff–Appellant,

v.

M. KENNY, Correctional Officer, T. Ashlaw, Correctional Officer, and Amber Lashway, Registered Nurse, Defendants–Appellees.

No. 04–0310.

United States Court of Appeals, Second Circuit.

March 23, 2005.

Kevin Kemp, Attica, NY, for Plaintiff–Appellant, pro se.

Andrea Oser, Assistant Solicitor General (Marlene O. Tuczinski, Assistant Solicitor General, Eliot Spitzer, Attorney General of the State of New York, on the brief) Albany, NY, for Defendants–Appellees, of counsel.

Present: STRAUB, WESLEY, Circuit Judges, and SESSIONS, Chief District Judge.[*]

---

[*] The Hon. William K. Sessions, III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the case is REMANDED.

In July 2001 plaintiff filed the present 42 U.S.C. § 1983 action against employees of the New York Department of Correctional services alleging violations of his Eighth Amendment rights relating to an August 2000 medical examination conducted during plaintiff's voluntary hunger strike. In October 2003, at the conclusion of pretrial procedures, the District Court (Norman A. Mordue, *Judge*) set the case down for a December 2003 trial date. In view of congestion on its calendar during that month, the District Court offered the parties the option of conducting trial before Magistrate Judge David E. Peebles. In a letter dated December 3, 2003, counsel for plaintiff informed the District Court that plaintiff would "not consent to the removal of this case to Judge Peeble's [sic] Court for trial." Nevertheless, on December 8, 2003, Magistrate Judge Peebles supervised jury selection. In a letter dated December 9, 2003, counsel for plaintiff again advised the District Court that plaintiff objected to having Judge Peebles preside over his trial. The remainder of the trial was subsequently conducted by the District Court.

At the end of plaintiff's case defendants made and the District Court granted a motion for judgment as a matter of law. Judgment was entered against plaintiff on December 24, 2003. Proceeding *pro se*, plaintiff moved the District Court on December 30, 2003, for a new trial, in part because, according to plaintiff, the District Court erred by assigning jury selection to a magistrate judge. In an unpublished written opinion the District Court denied

the motion on September 30, 2004. In particular, the District Court found that plaintiff's claim "that it was error for the Court to direct Magistrate Judge Peebles to conduct jury selection in this case is specious since it was this Court which presided over the trial at plaintiff's request." Sept. 30, 2004, Memorandum–Decision and Order at 5. Plaintiff then timely filed the present appeal. We assert jurisdiction under 28 U.S.C. § 1291 and remand.

The question presented to us on this appeal is whether the District Court erred by referring jury selection in this civil trial to a magistrate judge. The conduct of federal felony and civil trials, including jury selection, cannot be delegated to magistrate judges under 28 U.S.C. § 636(c) in the absence of the parties' consent. *See* 28 U.S.C. § 636(c)(1); *Roell v. Withrow*, 538 U.S. 580, 585–87, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003) (referring to the consent requirement established in 28 U.S.C. § 636(c)(1) as "the font of a magistrate judge's authority" to hold that in the absence of an explicit written or oral waiver parties may grant jurisdiction over any portion of a civil trial to a full-time magistrate judge by conduct expressing consent); *Peretz v. United States*, 501 U.S. 923, 933, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) ("[T]he duties that a magistrate may perform over the parties' objections are generally subsidiary matters not comparable to supervision of jury selection. However, with the parties' consent, a district judge may delegate to a magistrate supervision of entire civil and misdemeanor trials."); *United States v. Gomez*, 490

U.S. 858, 870–71, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989) (noting that while "the Federal Magistrates Act now expressly authorizes magistrates to preside at jury trials of all civil disputes and criminal misdemeanors, subject to special assignment, consent of the parties, and judicial review," a "critical limitation on this expanded jurisdiction is consent"); *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913–14 (9th Cir.2003) (pointing out that consent is the "touchstone of magistrate jurisdiction" under 28 U.S.C. § 636(c)); *Thomas v. Whitworth*, 136 F.3d 756, 758–59 (11th Cir. 1998) (holding that "[s]ection 636 does not permit magistrate judges, under the guise of the 'additional duties' clause, to conduct the jury selection portion of a civil trial unless the parties have given their consent"); *Stockler v. Garratt*, 974 F.2d 730, 731–32 (6th Cir.1992) (holding that "it was error for the district court to allow a magistrate to conduct *voir dire* over the objection of plaintiff"); *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1368–69 (7th Cir.1990) ("[S]ection 636 was not intended and should not be read to confer on magistrates, by means of a vague clause buried deep in the statute, the power to conduct jury voir dire without the consent of both parties.").

In the case at bar, jury selection was conducted by Magistrate Judge David E. Peebles pursuant to a referral by the District Court. On appeal plaintiff claims that this referral was made contrary to his specific request that the District Court conduct his "trial." If that is so, then the District Court erred.[1] However, the rec-

---

1. Because we do not have sufficient factual basis to determine whether or not such an error occurred in this case, we express no opinion as to either its character or whether it might be susceptible to harmless error review. We note, however, that three of our sister Circuit Courts of Appeals have held that

erroneous referral of jury selection in a civil case to a magistrate judge without the parties' consent cannot be reviewed for harmlessness. *See Thomas v. Whitworth*, 136 F.3d 756, 760–63 (11th Cir.1998); *Stockler v. Garratt*, 974 F.2d 730, 732–33 (6th Cir.1992); *Olympia*

ord before us is ambiguous as to whether this is, in fact, what occurred.

In a letter dated December 3, 2003, plaintiff's trial counsel notified the District Court that plaintiff "will not consent to removal of his case to Judge Peeble's [sic] Court for trial." Dec. 3, 2003, letter at 1. Jury selection is considered part of trial under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 47; *Olympia Hotels Corp.*, 908 F.2d at 1369 ("The voir dire, in contrast to [pretrial discovery], is a vital stage of every jury trial."); *Thomas,* 136 F.3d at 759 (same); *Stockler,* 974 F.2d at 732 (same). It does not follow from this, however, that the December 3, 2003, letter used "trial" in this technical sense. Specifically, plaintiff may have consented to have jury selection conducted by Magistrate Judge Peebles, withholding consent only as to later trial procedures, such as opening statements, presentation of evidence, summations, jury charge, and reception of verdict.

Questions relating to the scope of plaintiff's consent, if any, to the jurisdiction of Magistrate Judge Peebles in this case present significant issues of fact that cannot be resolved on the record before us. We therefore remand to the District Court to determine whether, in fact, plaintiff consented to have Magistrate Judge Peebles conduct jury selection. In addition to other evidence that the District Court may consider, we note that the conduct of plaintiff and his counsel at jury selection may be particularly relevant in light of the Supreme Court's decision in *Roell v. Withrow,* 538 U.S. 580, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003).

For the foregoing reasons, this matter is REMANDED to the District Court for

*Hotels Corp. v. Johnson Wax Dev. Corp.,* 908

further proceedings consistent with this order.

F.2d 1363, 1369 (7th Cir.1990).